FILED

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

2014 DEC 31  P 2: 16

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

WILLIAM HANBACK
    Plaintiff,
v.

CASE NO: 1:14-CV-1789

DRHI, INC.
and
D.R. HORTON, INC.
    Defendants.

## MOTION TO DISMISS

COME NOW your Defendants DRHI, Inc., and D.R. Horton, Inc. by and through counsel, who, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully move this Honorable Court for the entry of an order dismissing Plaintiff's complaint for the reasons hereinafter set forth:

1. In ¶ 7 of his complaint, Plaintiff William Hanback states that on January 28, 2000 he entered into a real estate contract with Defendant DRHI, Inc.

2. This contract, which Mr. Hanback has attached as Exhibit A to the complaint, called for DRHI to purchase 2.14 acres of residentially zoned land owned by Mr. Hanback in the City of Fairfax, Virginia.

3. In ¶ 8 of his complaint, Mr. Hanback alleges that the contract was amended on August 28, 2000. He attaches a copy of this amendment as Exhibit B.

4. A review of this Exhibit shows that Mr. Hanback has in ¶ 8 of his complaint misquoted a portion of the amendment. The amendment, insofar as the purchase price provision is concerned, states that "The Purchase Price *for the Property* shall be $70,000 per approved lot with a minimum of 6 lots. If only

JON F. MAINS & ASSOCIATES
ATTORNEY AT LAW
3955 CHAIN BRIDGE ROAD, SECOND FLOOR
FAIRFAX, VA 22030
703-273-2005

5 or fewer than 5 lots are approved, the Purchase Price shall be $400,000 for the 2.14 acres." (omitted portion emphasized)

5. In ¶ 9, Mr. Hanback alleges that DRHI failed in its efforts to obtain a rezoning with respect to his property which would have allowed the construction of more than 5 lots.

6. In ¶ 10 of his complaint, Mr. Hanback acknowledges that after the failed rezoning DRHI had to sue him in 2002 for his refusal to honor the terms of the year 2000 contract.

7. While Mr. Hanback does not attach a copy of DRHI's 2002 lawsuit or his response thereto, he attaches as Exhibit C a copy of the decree that was entered in 2004 in favor of DRHI. The decree declares that DRHI's bill seeking specific performance of the amended contract was "granted."

8. In ¶ 12 of the complaint, Mr. Hanback declares that the payment schedule set forth in the 2004 decree "was consistent with the initial contract entered by the parties in 2001."

9. As previously noted by Mr. Hanback in ¶ 8 of his complaint, the contract as amended provided that "the Purchase Price for the Property shall be $70,000 per approved lot with a minimum of 6 lots. If only 5 or fewer than 5 lots are approved, the Purchase Price shall be $400,000 for the 2.14 acres."

10. In ¶ 13, Mr. Hanback acknowledges that DRHI closed on the property in 2004 and that DRHI paid him $400,000.

11. Now, more than 10 years after closing occurred and Mr. Hanback received at that closing $400,000, he attempts by way of a declaratory judgment action

and breach of contract claim to sue DRHI and its assignee D.R. Horton, Inc. for additional money based on events that are not the subject of the contract.

12. Mr. Hanback's efforts to ignore the payment provisions of the contract he first sought to avoid in 2002 and which he later tried to circumvent by way of a rule to show cause filed in 2012 must again be denied because these latest efforts fail as a matter of law.

13. Mr. Hanback fails to state a claim for declaratory judgment because Virginia's Declaratory Judgment Act, §8.01-184, *et seq.*, as a matter of law can only be resorted to when there is a dispute as to the interpretation of a writing. This statutory scheme is unavailable when a wrong has been suffered.

14. By filing a breach of contract claim, Mr. Hanback himself has declared that a wrong has been suffered, thereby making his declaratory judgment action unavailable as a matter of law.

15. Even if Mr. Hanback had not filed a cause of action the nature of which precludes his declaratory judgment action, declaratory judgment actions are subject to Virginia's statute of limitations.

16. Mr. Hanback's complaint states that he and DRHI litigated their respective rights under the contract 12 years ago.

17. If Mr. Hanback were entitled to a declaration of his rights under the contract, he needed to bring such a claim at least within 3 or at most within 5 years of that litigation. He did not do so, causing this claim to be time barred.

18. The fact that Mr. Hanback did not bring his declaratory judgment action in the earlier litigation raises a third reason why his declaratory judgment action

JON F. MAINS & ASSOCIATES
ATTORNEY AT LAW
3955 CHAIN BRIDGE ROAD, SECOND FLOOR
FAIRFAX, VA 22030
703-273-2005

must be dismissed. By failing to ask for a declaration of his rights under the contract in the earlier litigation, Mr. Hanback's declaratory judgment action is barred by the doctrine of res judicata.

19. With regards to Mr. Hanback's breach of contract claim, this claim also fails given the allegations Mr. Hanback makes in his complaint and the exhibits he attaches to his complaint.

20. Mr. Hanback's allegations identify a contract which provides for a scheme of payment specific to his property and his property alone.

21. His complaint, however, is an effort to obtain additional funds because of the development of an assemblage that occurred years after Mr. Hanback's property was purchased.

22. The contract which Mr. Hanback claims was breached does not provide for an enhanced payment because of the development of an assemblage.

23. What the contract which Mr. Hanback relies upon provides is that he would receive enhanced compensation if before closing his property was rezoned and that rezoning allowed for the construction of 6 or more homes on his property.

24. Even if the contract did provide for an additional payment in the event of a post-closing development of an assemblage, the assemblage as developed did not trigger the contract's 6 lot minimum requirement. As Mr. Hanback admits in ¶ 23, less than 6 lots were placed on his property.

25. This claim is also untimely. If Mr. Hanback contends that the funds he received at the 2004 closing were below those required by the contract, then he had to file within 5 years of this purportedly deficient payment.

JON E. MAINS & ASSOCIATES
ATTORNEY AT LAW
3955 CHAIN BRIDGE ROAD, SECOND FLOOR
FAIRFAX, VA 22030
703-273-2005

26.  This is the third instance where Mr. Hanback has involved DRHI, Inc. in litigation because he refuses to be bound by the terms of a contract that he signed more than 14 years ago and upon which, after litigation, he closed on more than ten years ago. DRHI, Inc. and its assignee D.R. Horton, Inc. therefore ask for an award of their attorneys fees pursuant either to Rule 11 of the Federal Rules of Civil Procedure or pursuant to ¶ 31 of the amended contract.

WHEREFORE, the premises considered, the Defendants DRHI, Inc. and D.R. Horton, Inc. respectfully move for the dismissal with prejudice of Plaintiff's suit, for an award of their attorneys fees, and for such other relief as this Court may determine they are entitled to.

DRHI, Inc. AND
D.R. Horton, Inc.
By Counsel

_____
Jon F. Mains, Esq. (VSB#25437)
3955 Chain Bridge Road
Second Floor
Fairfax, VA 22030
(703) 273-2005
(703) 591-7268 – Fax
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of December, 2015, this document has been hand-delivered to the Clerk of the Court and a copy has been mailed by regular mail to: J. Chapman Peterson, Esq. VSB #37225, Stephen P. Pierce, Esq. VSB #84999, Surovell, Isaacs, Peterson & Levy, PLC 4010 University Drive, Second Floor, Fairfax, Virginia

22030, Telephone: 703-251-5400, Facsimile: 703-591-9285 Counsel for the William Hanback

_____
Jon F. Mains, Esq.

JON F. MAINS & ASSOCIATES
ATTORNEY AT LAW
3955 CHAIN BRIDGE ROAD, SECOND FLOOR
FAIRFAX, VA 22030
703-273-2005