IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION

WILLIAM HANBACK,
    Plaintiff,

v.    CASE NO:    1:14-CV-1789

DRHI, INC., and
D.R. HORTON, INC.,
    Defendants.

### DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

COME NOW your Defendants DRHI, Inc., and D.R. Horton, Inc., by counsel, who, pursuant to FRCP 7, as amended by this Court's Local Rule 7, present their brief in support of their previously filed motion seeking the dismissal of Plaintiff's declaratory judgment action and breach of contract action.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 28, 2000, Mr. Hanback entered into a real estate contract to sell 2.14 acres in the City of Fairfax, Virginia to DRHI, Inc. (Complaint ¶7). This July 2000 contract declared that the purchase price was $560,000 or "$70,000 for each of the approved eight lots." (Exhibit A to the complaint, ¶2)

In August of 2000, Hanback and DRHI signed a document that amended the contract in four particulars. The first amendment declared that the purchase price for Mr. Hanback's property would now be "$70,000 per approved lot with a minimum of 6 lots. If only 5 or fewer lots are approved, the Purchase Price shall be $400,000 for the 2.14 acres." (Exhibit B to the complaint, ¶1)[1]

---

[1] While the initial contract indicated a belief by the parties that Mr. Hanback's property was approved for the development of eight residences, it was in fact only approved for five.

In June of 2002, DRHI was forced to file a specific performance suit against Mr. Hanback because of his refusal to honor the agreement. (Complaint ¶¶9 and 10)  DRHI's request for the specific performance of the amended real estate contract was granted on June 9, 2004. (Complaint ¶10 and Exhibit C).

The June 2004 decree which granted DRHI's bill for specific performance does not indicate that any affirmative relief was ever requested by Mr. Hanback in that proceeding.  Mr. Hanback's objections to the entry of this decree refer only to the denial of his affirmative defenses. (Exhibit C, page 2).

By the time Mr. Hanback went to closing in 2004, DRHI had attempted but failed to obtain a rezoning of the property.  Because Mr. Hanback's property did not contain more than five lots when he closed in 2004, he was paid $400,000 (Complaint ¶13)

Mr. Hanback has further alleged that in the spring of 2007 D.R. Horton, Inc., the assignee of DRHI, received Fairfax City Council's approval for a planned development which contemplated the construction of 15 new single family homes on an assemblage of land which consisted of the 2.14 parcel previously owned by Mr. Hanback and an adjacent 1.9 acre parcel that DRHI purchased at some point after it had closed on Mr. Hanback's property. (Complaint ¶¶16, 17, and 18)

The plans approved for this development placed 5.5 lots on what once had been Mr. Hanback's property.  (Complaint ¶23)

In November 21, 2012, Mr. Hanback filed a "show cause" petition with the circuit court of Fairfax County which asked that the court hold DRHI in contempt for its refusal to pay him additional compensation for the 2004 sale of his 2.14 acres. (Complaint ¶25).  On September 20, 2013 the lower court held DRHI in contempt and entered judgment against it in the amount of

$350,000.  (Complaint ¶27.)  On October 31, 2014, the Supreme Court of Virginia reversed the trial court's judgment.  (*Id.,* footnote 2)

On December 18, 2014, DRHI and D.R. Horton were served with copies of a lawsuit Mr. Hanback filed in the Circuit Court of Fairfax County soon after the Supreme Court reversed that court's judgment in his favor.  This lawsuit contains a request for declaratory judgment and seeks compensatory damages for breach of contract.

On December 31, 2014, Defendants removed the lawsuit to this Court pursuant to 28 U.S.C. 1332.  At the same time, they filed as their responsive pleading a motion to dismiss.

After counsel for Mr. Hanback filed their notices of appearances on January 8 and January 9, 2015 and confirmed on January 15, 2015 that their client does not desire to make any amendment to his pleading, counsel for the parties agreed to appear before this Court on February 20, 2015 to argue Defendants' motion.

## POINTS AND AUTHORITIES

### Declaratory Judgment

**A. Plaintiff's allegations do not support and his breach of contract claim precludes a declaratory judgment action.**

Mr. Hanback's declaratory judgment action count consists of three paragraphs.  The second and third paragraphs (¶¶ 31 and 32) contain legal conclusions. It is well recognized that a pleading that offers nothing more than "labels and conclusions or a formulaic recitation of the elements of a cause of action will not" survive a motion to dismiss.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) Consequently, the second and third paragraphs of Mr. Hanback's declaratory judgment do not by themselves state a claim.

The question is whether the first paragraph of this count, ¶30, that which incorporates by

reference paragraphs 1-29, states a claim for declaratory judgment. According to state and federal law, the allegations of these 29 paragraphs do not state a claim for declaratory judgment.

Both state and federal courts recognize that a claim of declaratory judgment lies when a party needs a court to interpret a written document to determine the rights of those who are parties to that document. "The purpose of a declaratory judgment is the adjudication of rights…" *Charlottesville Operators Association v. Albermarle County,* 285 Va. 87, 98, 737 S.E.2d 1, 6 (2013). "[A] district court should normally entertain a declaratory judgment action when it finds that the declaratory relief sought: (1) 'will serve a useful purpose in clarifying and settling the legal relations in issue'; and (2) 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Aetna Cas. & Sur. Co. v. Ind.-Com Elec. Co.,* 139 F.3d 419, 422 (4th Cir. 1998) (citation omitted)

The 29 paragraphs Mr. Hanback incorporates into his declaratory judgment count do not declare that the parties have a dispute involving the construction of a document and that they need this court's assistance in declaring what their rights are under that document. These paragraphs instead allege Mr. Hanback's belief that DRHI and D.R. Horton have wrongly refused to pay him $350,000 pursuant to the July 2000 contract.

Not only has Mr. Hanback failed to plead a claim for declaratory judgment, the fact that the only factual allegations he supplies in support of this count speak of a breach of contract deprive this court of the jurisdiction necessary to hear the declaratory judgment action.

Both state and federal courts have long recognized that when a party alleges a breach of contract claim, he is precluded from having a court entertain a declaratory judgment action.

In *Small v. Federal Nat'l Mortgage Association,* 286 Va. 119, 747 S.E.2d 817 (2013), Justice McClanahan in a concurring opinion observed that:

> "[I]n a suit seeking damages for breach of contract, plaintiffs are neither required nor permitted to file a separate claim for declaratory judgment that the defendant breached the terms of the contract.  Instead, plaintiffs simply prove the breach as part of the legal claim for damages, and the existence of a normal contract remedy makes declaratory relief unavailable."

286 Va. at 136, 747 S.E.2d at 826.

In support of this observation, Justice McClanahan cites *USAA Cas. Ins. Co. v. Randolph,* 255 Va. 342, 346, 497 S.E.2d 744, 746 (1998) ("[A] declaratory judgment [does] not lie [when] other remedies [are] available" and/or when "the present case involve claims and rights that had accrued and matured when the bill of complaint was filed."); *Liberty Mut. Ins. Co. v. Bishop,* 211 Va. 414, 421, 177 S.E.2d 519, 524 (1970) ("[T]he power to make declaratory judgment is a discretionary one and must be exercised with care and caution.  It will not as a rule be exercised where some other mode of proceeding is provided."); and *American Nat. Bank v. Kushner,* 162 Va. 378, 386, 174 S.E. 777, 780 (1934) ("In common cases where a right has matured or a wrong has been suffered, customary processes of the court, where they are ample and adequate, should be adopted.")

A case not cited by Justice McClanahan makes clear that declaratory judgment actions do not lie in Virginia when a plaintiff has alleged a breach of contract claim.  In *Green v. Goodman-Gabel-Gould Co., Inc.,* 268 Va. 102, 597 S.E.2d 77 (2004), the Virginia Supreme Court reversed the circuit court's judgment granting declaratory relief.  The basis for the Supreme Court's decision was that the plaintiff was trying to use a declaratory judgment action to obtain relief for what was really a breach of contract action:

> Although GGG asserts that it was seeking a determination of its rights vis-a-vis the Homeowners with regard to the insurance proceeds, GGG was actually asking the circuit court to decide whether the Homeowners have breached the contract between them and GGG.  That was an inappropriate use of declaratory judgment.

268 Va. at 109-10, 597 S.E 2d at 82

Federal courts have likewise recognized this rule of law when considering declaratory judgment actions which have been removed from state court by way of 28 USC §1332. *See, Tapia v. U.S. Bank, NA,* 718 F.Supp.2d 689, 691-92 (E.D.Va. 2010) (Defendants' 12(b)(6) motion granted "because declaratory relief is not available where the alleged wrongs have already been suffered."); *Duros v. State Farm Fire & Cas. Co.,* 508 F.Supp.2d 479, 483 (E.D.Va. 2007) (Defendant's motion to dismiss declaratory judgment action granted because "the plaintiffs do not seek an order that clarifies the legal rights of parties to a potential controversy – instead, they seek a ruling that the defendant has breached the homeowner's insurance policy, resulting in damages… This issue is one which is properly litigated via a claim for breach of contract, not a declaratory judgment action.") (citing *Green v. Goodman-Gabel-Gould Company, Inc., supra.*); *Beazer Homes v. VMIF/Anden Southbridge Venture,* 235 F.Supp.2d 485, 494 (E.D.Va. 2002) (Declaratory judgment count dismissed because "this remedy is only appropriate where it would 'serve the useful purpose in clarifying and settling the legal relations in issue' to guide the parties in the future. Declaratory judgment is 'not an appropriate remedy for past misconduct.'") (citations omitted).

Because the very allegations Mr. Hanback advances in support of his declaratory judgment action are the same allegations he advances in support of his breach of contract claim and because the existence of the breach of contract claim precludes this court's jurisdiction when it comes to declaratory judgment actions, Mr. Hanback's count for declaratory judgment must be dismissed.

**B. Plaintiff's declaratory judgment action is time-barred**

The Virginia Supreme Court has noted the tendency of litigants to "use the declaratory judgment statute as a vehicle to circumvent the applicable statute of limitations." *Board of*

*Supervisors of Fairfax County v. Thompson Associates,* 240 Va. 133, 139, 393 S.E.2d 201, 204-05 (1990). The rationale advanced by litigants in support of this tactic has been that " '[d]ue to the defensive nature of a declaratory judgment action, normal periods of limitation applied to substantive claims do not apply.' " 240 Va. 138-39, 393 S.E.2d at 204.

   The Virginia Supreme Court has prohibited this tactic. *Id. See also, Kappa Sigma Fraternity, Inc. v. Kappa Sigma Fraternity,* 266 Va. 455, 587 S.E.2d 701 (2003)

   Resorting to a 100 plus year-old rule of law which provides that the applicable statute of limitations is determined by the object of the litigation, not the form in which it is filed, the Virginia Supreme Court has applied a 30 day, *Lilly v. Caroline County,* 259 Va. 291, 526 S.E.2d 743 (2000), a three year, *Richmead L. P. v. City of Richmond,* 267 Va. 598, 594 S.E.2d 606 (2004) and a five year, *Kappa Sigma Fraternity, Inc. v. Kappa Sigma Fraternity, supra,* statute of limitations to declaratory judgment actions.

   If Mr. Hanback is complaining that the July 2000 contract needs to be construed in order to determine whether he is entitled to additional compensation in the event that his property is ultimately developed with another property and more houses are put on the other property, an event not contemplated by the contract, then he had an obligation to ask for such declaratory relief at the time he signed the contract in July of 2000 and certainly before he went to closing in June of 2004 according to *Board of Supervisors of Fairfax v. Thompson, supra*. In *Thompson*, a developer by way of a declaratory judgment action asked the trial court whether he could be held in default by Fairfax County on his site improvement bond following his refusal to construct a road the County had required when the County approved his site plan. The site plan had been approved in 1978. In August of 1987, the developer filed his declaratory judgment action. Noting that the "alleged illegality of the County service road requirement and the damages alleged

incurred as a result thereof were in place in 1978," the Virginia Supreme Court declared that the developer should have filed suit then. Finding the developer's inaction for nine years unacceptable, the Virginia Supreme Court reversed the trial court's decision that the developer's claim was not time-barred.

In *Kappa Sigma Fraternity, Inc. v. Kappa Sigma Fraternity, supra,* the Virginia Supreme Court was faced with a situation where the plaintiffs by way of a declaratory judgment action challenged the validity of amendments made to articles of incorporation. The amendments were passed by the defendant's board of directors in 1974. Plaintiffs, individual members of the corporation, filed suit in 2001. The members argued that their delay in bringing suit was justifiable because they did not discover the corporation's "breach of trust" until November 8, 1999 when the corporation announced its intention to sell certain property. This "discovery" argument is similar to the argument Mr. Hanback alleges in paragraph 24 of his complaint.

The Virginia Supreme Court rejected this argument on the grounds that accepting it would mean that corporate transactions could end up being "subject to attack in perpetuity." 266 Va. at 466, 587 S.E.2d 708. It reversed the trial court's judgment in favor of the members.

In *Richmeade, L.P. v. City of Richmond, supra,* the Virginia Supreme Court was faced with a situation where a property owner was not paid when the City took certain acts which affected its property rights. 267 Va. at 603, 594 S.E.2d at 609. Because the plaintiff in *Richmeade* was seeking a declaration as to whether it was owed compensation with regards to a City action involving its property, the Virginia Supreme Court viewed the declaratory action as one which sought the establishment of a contract implied by law. Since actions in Virginia pertaining to contracts implied by law are governed by a three year statute of limitations and the

plaintiff in *Richmeade* had brought his suit more than three years after the action complained of had occurred, the Virginia Supreme Court held the declaratory judgment action time-barred.

If Mr. Hanback is seeking a declaration that will give him more rights under the contract, then he should have brought his action within three years of the time he signed his contract. If he is seeking a declaration as to what rights he has under the decree, then he should have filed his declaratory judgment action within three years of the entry of the decree, according to *Richmeade*.[2]

**C. Plaintiff's declaratory judgment action is barred by *res judicata*.**

"[I]n a diversity case Virginia law governs the preclusive effect given to the judgment of a Virginia court." *Kaufman v. Morauer,* 849 F.2d 122, 126 (4th Circuit 1988) (citation omitted) According to long standing Virginia common law,

> 'A valid, personal judgment on the merits…bars relitigation of the same cause of action, or any part thereof which could have been litigated between the same parties and their privies.' *Bates v. Devers,* 214 Va. 667, 670-71, 202 S.E.2d 917, 920-21 (1974) (footnote omitted) (emphasis in original). A claim arising from an indivisible contract cannot be split and made the subject of separate actions, *Hancock v. Whitehall Co.,* 102 Va. 239, 242-43, 46 S.E. 288, 289 (1904), but being a single cause of action must be litigated in one suit, *Jones v. Morris Plan Bank,* 168 Va. 284, 290, 191 S.E. 608, 609 (1937).

*Flora, Flora, and Montague, Inc. v. Saunders,* 235 Va. 306, 367 S.E.2d 493 (1988).

According to the Virginia Supreme Court, the principal of *res judicata* "not only embraces what was actually determined, but also extends to every other matter which the parties might have litigated in the case." *Jones v. Morris Plan Bank,* 168 Va. 284, 291, 191 S.E. 608, 610 (1937).

---

[2] This assumes that the Fairfax Circuit Court in 2004 could fashion a decree that provided Mr. Hanback with rights greater than those found in the contract that the court had ordered be specifically performed, something which the trial court was not asked to do and did not have the power to do.

Page 9 of 16

This doctrine applies not only against parties who were plaintiffs in former litigation, but also against parties who were defendants. *Nottingham v. Weld,* 237 Va. 416, 377 S.E.2d 621 (1989) (Trial court correctly sustained a plea of *res judicata* and dismissed a crossclaim which should have been asserted as a compulsory counterclaim in an earlier federal court action involving the same parties.)

The Virginia Supreme Court has often identified the rationale behind this doctrine as one which "rests upon public policy considerations which favor certainty in establishment of legal relations, demand an end to litigation, and seek to prevent the harassment of parties." *City of Virginia Beach v. Harris,* 259 Va. 220, 229, 523 S.E.2d 239, 243 (2000) (citation omitted)

Rule 1:6 of the Virginia Supreme Court succinctly sets forth the elements of the *res judicata* doctrine.

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence is decided on merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in this second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, whether particular remedies sought. A claim for relief pursuant to this rule include those set forth in a complaint, counterclaim, crossclaim or third party pleading.

With regards to that portion of the Rule which speaks to "party or parties" the Rule goes on to state that not just the parties to the original or initial lawsuit are subject to this Rule. Those in privity to the parties found in the initial litigation are also subject to the rule: "The law of privity as heretofore articulated in case law in the Commonwealth of Virginia is unaffected by this Rule and remains intact. For purposes of this Rule, the party or parties shall include all named parties and those in privity." *Id.*

As was just argued in the prior portion of this brief, if Mr. Hanback believes that the July 2000 contract needs interpretation in order to identify all of his rights thereunder, he had an obligation to raise that issue before the 2002 litigation concluded in 2004 and he went to closing. Similarly, if he had thought that the 2004 decree needed interpretation, he should have requested this interpretation from the court before it lost jurisdiction over that case by virtue of Rule 1:1. Alternatively, he could have asked for this relief, assuming that it was legally available to him, when he brought his action seeking the collection of $350,000 in November of 2012.

Because Mr. Hanback timely did none of the above, the declaratory judgment action he now tries to advance is barred by *res judicata*.

## Breach of Contract Claim

**A. Plaintiff's allegations fail to establish a breach of contract claim.**

In paragraph 40 of his complaint, Mr. Hanback declares that Defendant DRHI "has materially breached [the July 2000] contract by failing to pay the second payment of $350,000 which represents the amount owed to Mr. Hanback for the bonus density his land permitted."

The contract upon which this breach of contract claim depends, the contract which Mr. Hanback attaches as Exhibit A to his complaint, speaks nowhere of any payment being due because of a "bonus density."

The "bonus density" which Hanback alludes to arose from events that occurred years after the 2004 closing, events which are not the subject of any of the provisions in the contract.

The pricing mechanism in the contract contemplated the development of Mr. Hanback's property only. It did not speak to the development of an assemblage.

What the July 2000 contract contemplated and spoke to was the payment of additional compensation to Mr. Hanback if <u>his property</u> was rezoned and this rezoning resulted in 6 more lots being put <u>on his property</u>.

Mr. Hanback admits in paragraph 23 of his complaint that only 5.5 lots were ever put on his property.

Essentially, what Mr. Hanback seeks is a reformation of the July 2000 contract, a contract which he wrongfully repudiated in an effort to get more money, a contract which he was ordered to specifically perform. As a matter of law, he cannot individually or by way of a request to this Court remake the contract.

Virginia appellate courts have repeatedly held that parties are governed by the terms of their contract and it is the courts' duty to enforce those terms. Courts cannot, at the request of one party, add to or ignore the terms of the parties' contract. *Blue Cross & Blue Shield v. Keller*, 248 Va. 618, 626, 450 S.E. 2d 136, 140 (1984) ("It is not our function to 'make a new contract for the parties… and thus create a liability not assumed…'".); *Ayres v. Harleysville Mutual Casualty Co.*, 172 Va. 383, 389, 2 S.E. 2d 303, 305 (1939) (Courts cannot make a contract for the parties which they did not make themselves and never intended to make.); *Westchester Insurance Co. v. Rose*, 159 Va. 633, 639-40, 166 S.E. 469, 471 (1932) ("The effect of [the court's instruction] was to make a new contract for the parties. This the court was without authority to do.") (citation omitted); *Waikoloa Ltd. Partnership v. Arkwright,* 268 Va. 40, 47, 597 S.E. 2d 49,53 (2004) ("A Chancellor's function is to construe the contracts made by the parties, not to make new contracts for them.") (citations omitted); *BlueCross and Blue Shield v. Wingfield*, 239 Va. 599, 602, 391 S.E. 29 73, (Trial court could not, by applying principals of equity, effectively rewrite parties' contract and require payment not called for by the contract.);

*White v. White*, 257 Va. 139, 145, 509 S.E. 2d 323,326 (1999) (Trial court could not find husband in contempt for failing to pay support when agreement at issue only required him to pay mortgage payments, not spousal support to his ex-wife, and the language in the decree treating the mortgage payment obligation as a support obligation constituted impermissible rewriting of agreement.); *Stacy v. Stacy*, 53 Va. App. 38, 669 S.E. 2d 348 (2008) (Trial court without authority to rewrite terms of PSA.); *Rutledge v. Rutledge*, 45 Va. App. 56, 608 S.E. 2d 504 (2005) (Appellant's request for relief denied because awarding it would require ignoring express terms of PSA, which is impermissible.)

   While this rule of law has been often applied in breach of contract cases, *see, e.g.*, *Meade v. Wallen,* 226 Va. 465, 311 S.E. 2d 103 (1984) (Trial court erred in establishing pricing method for plaintiff's use of defendant's right of way to haul timber where new pricing method was contrary to express provisions of their contract.); *Graphic Arts Mutual Ins. v. C.W. Warthen Co.*, 240 Va. 457, 397 S.E. 2d 876 (1990) (Trial court's decision to award $40,000.00 to plaintiff against defendant insurer reversed because terms of insurance policy limited potential awards to $10,000.00.); *Christopher Associates v. Sessoms*, 245 Va. 18, 425 S.E. 2d 795 (1993) (Trial court's decision to award more than the liquidated damage provision in parties' real estate contract allowed reversed.), this rule of law had been applied to specific performance suits in particular. *Sale v. Swann*, 138 Va. 198, 209, 120 S.E. 870, 873 (1924) ("*Whenever specific performance is justified*, and the question raised is covered by the contract, *it is the agreement of the parties which controls and is enforced*. In such a case these is no occasion *or jurisdiction* for the application of an equitable rule.") (citation omitted) (emphasis supplied)

Because Mr. Hanback's breach of contract theory ignores the express requirement that 5 or more lots be found on his property and/or requires the rewriting of the terms of the contract, which is impermissible under Virginia law, his breach of contract claim must be dismissed.

**B.    Plaintiff's contract claim is time-barred.**

The Virginia Supreme Court is aware of and prohibits efforts by plaintiffs to beneficially determine for themselves when a statute of limitations begins to run. *See, e.g. Board of Supervisors of Fairfax v. Thompson, supra,* 240 Va. at 138, 393 S.E 2d at 204. "[I]n 1978, [when the county wrongfully imposed a service road requirement on the developer, the developer] could have filed suit against the County, and continued the action during negotiations seeking to resolve the service road issue through waiver or settlement. Rather, [the developer] waited for nine years, well beyond the limitations period for either contract or personal injury actions…"); *Kappa Sigma Fraternity, Inc. v. Kappa Sigma Fraternity, supra,* 268 Va. at 467, 587 S.E.2d at 708. ("[A] challenge to a voidable corporate act is subject to a defense of the statute of limitations. A contrary conclusion is untenable because it…render[s] innumerable corporate transactions, imperfectly executed but within a corporation's power to act, subject to attack in perpetuity."); *Shipman v. Kruck,* 276 Va. 495, 508, 593 S.E.2d 319, 326 (2004) ("[T]he 'payment rule', in a statute of limitations context, would work an injustice on attorneys who may be forced to defend allegations of malpractice brought many years after the alleged breach occurred, dependant entirely upon the ability or whim of the complaining party to pay the resulting damages.")

The contract Mr. Hanback seeks to recover on is not the express contract between the parties. It is one he hopes to unilaterally impose on the Defendants through the assistance of this Court, i.e., a contract implied by law. *Richmeade, L.P. v. City of Richmond, supra.*

The statute of limitations for implied contracts is three years in Virginia. Va. Code §8.01-246(4). That statutory period begins to run when the breach occurs "and not when the resulting damage is discovered". Va. Code §8.01-230.

In paragraph 18 of his complaint, Mr. Hanback identified May 22, 2007 as the date the City Council approved the plans which authorized the construction of "15 (fifteen)" new single family homes on the combined parcels." Under the analysis employed in the *Board of Supervisors of Fairfax County v. Thompson Associates* case, the *Richmeade, L.P. v. City of Richmond* case, or the *Lilly v. Caroline County* case, Mr. Hanback needed to bring his breach of contract claim within 3 years of that date. Even if he were to ignore the holdings of these 3 cases, and particularly the holding of *Shipman v. Kruck*, and tried to adopt the subdivision plan approval date of January 8, 2010, his breach of implied contract claim still comes too late.

**C. Plaintiff's breach of contract claim is barred by *res judicata*.**

In November of 2012, Mr. Hanback, by way of a rule to show cause, attempted to secure the money which he asks for now. The Fairfax Circuit Court assigned case number CL 2012-17631 to this effort. A final order in this case was entered by the Circuit Court on September 20, 2013. DRHI shortly thereafter filed its notice of appeal of this final order.

Nothing procedurally barred Mr. Hanback in November of 2012 from bringing causes or theories different than that he advanced in case number CL 2012-17631 in an effort to recover the money he hoped for then and which he seeks to recover now. Mr. Hanback certainly never identified any Rule of court or any state statute which precluded him in November of 2012 from bringing alternative causes or theories in an effort to collect $350,000 from DRHI.

As set forth in subpart C of the declaratory judgment portion of this brief, both the common law and Rule 1.6 of the Supreme Court required Mr. Hanback in November of 2012 to

advance any and all claims which could have secured what he was seeking then and what he is seeking now. The doctrine of *res judicata* is designed to prevent piecemeal litigation. This is what Mr. Hanback is impermissibly engaged in. For this additional reason, this count and indeed any litigation advanced by Mr. Hanback must be dismissed.

## CONCLUSION

For the reasons aforesaid, Defendants request that this Court dismiss Mr. Hanback's complaint with prejudice and award them their costs and expenses in this behalf expended.

                                                DRHI, INC.
                                                D.R. HORTON, INC.
                                                By Counsel

_____/s/_____
Jon F. Mains, Esq. (VSB#25437)
3955 Chain Bridge Road
Second Floor
Fairfax, VA 22030
(703) 273-2005
(703) 591-7268 – Fax
jmains@jonmainslaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on January 23, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    John Chapman Petersen, Esq.
    Stephen Patrick Pierce, Esq.
    *Counsel for the Defendants*

                                              _____/s/_____
                                              Jon F. Mains, Esq.